UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY MATTHEW SMITH,<br><br>　　　　　　　　Defendant. | NO: 2:21-CR-0129-TOR-1<br><br>ORDER DENYING REQUEST FOR REDUCTION IN SENTENCE |

BEFORE THE COURT is Defendant's *pro se* Request for Reduction in Sentence. ECF No. 51. Defendant seeks credit for the 11-months he spent in the Spokane County Jail prior to sentencing. Significantly, Defendant appeared before this Court on a writ of habeas corpus ad prosequendum from state custody. Because the Court does not have jurisdiction to grant the request, it is summarily denied.

//

//

ORDER DENYING REQUEST FOR REDUCTION IN SENTENCE ~ 1

## DISCUSSION

Only the Bureau of Prisons has discretion to grant defendants credit for time served prior to the start of their federal sentences, and a criminal defendant may only challenge the Bureau's calculation of credits in a habeas corpus action based on 28 U.S.C. § 2241 after the exhaustion of administrative remedies. *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal sentence. Under the statute, a term of imprisonment begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute then provides that the defendant is entitled to sentencing credit for time spent in "official detention" prior to the commencement of the term of imprisonment:

> Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).  However, "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 333-34 (1992); *accord United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) (sentencing court lacked jurisdiction to grant defendant the requested credit).  The initial calculation must be made by the Attorney General acting through the Bureau of Prisons.  *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002).

Thus, a defendant must "exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served." *Checchini*, 967 F.2d at 350.  Defendant has not shown that he exhausted his administrative remedies.

More significantly, this action is filed in the wrong district.  Generally, a prisoner may challenge his sentence under 28 U.S.C. § 2255 in the sentencing court.  But where a prisoner argues he is entitled to credit against his sentence for time spent in custody prior to sentencing, he is challenging the execution of his sentence rather than the sentence itself.  *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  In such circumstances, the prisoner must petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *Id*.  The Supreme Court has held that a writ under § 2241 must issue from the court with jurisdiction over the prisoner's custodian.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's pro se Request for Reduction in Sentence, ECF No. 51, is **DENIED** without prejudice to exhaustion of administrative remedies and filing in the proper court, if need be.

The District Court Clerk is hereby directed to enter this Order and provide copies to Defendant and the Government.

DATED March 15, 2023.



THOMAS O. RICE
United States District Judge